FILED
2014 Jan-22  PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **ANDREA MCKINNEY HALL, an individual,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | |
| **CAPITAL ONE BANK (USA), N.A. and EQUIFAX INFORMATION SERVICES, INC.;** ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendants states as follows:

1.  This action arises out of Defendants' violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

2.  The Plaintiff was sued by Capital One Bank (USA), N.A. for a debt Capital One Bank claimed Plaintiff owed.

3.  Plaintiff denied owing Capital One.

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

4.     The Plaintiff won the lawsuit.

5.     All Defendants refused to remove the Capital One Bank entry from Plaintiff's credit reports as Equifax, a credit reporting agency, refused to follow the court Order but instead only care about its paying customer Capital One Bank which still wants to be paid even though it lost the collection lawsuit.

## JURISDICTION

6.     Personal jurisdiction exists over Defendants as they had the necessary minimum contacts with the State of Alabama and this suit arises out of their specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

7.     Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

8.     Venue is proper as Plaintiff lives in Alabama and the Defendants do business in this judicial district.

## PARTIES

9.     Plaintiff  Andrea McKinney Hall (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

10.   Defendant Capital One Bank (USA), N.A., ("Defendant" or "Capital One[2]")
      is a foreign company that engages in the business of suing consumers and
      reporting consumer credit information to credit reporting agencies.   It
      conducts business in this Judicial District.  Its principal place of business in
      Virginia and it is incorporated in Virginia.

11.   Defendant Equifax Information Services, LLC, ("Defendant" or "Equifax")
      is a foreign company that engages in the business of maintaining and
      reporting consumer credit information and does business in this Judicial
      District.  Its principal place of business is the State of Georgia and it is
      incorporated in Georgia.

## FACTUAL ALLEGATIONS

12.   On August 10, 2012, Defendant Capital One sued Plaintiff Hall in the
      Circuit Court of St. Clair County, Alabama, with a case number of SM-
      2012-900129.

13.   This suit was filed by the Ingram Law Offices, LLC debt collection law
      firm.

14.   The state court set the case for trial.  Notice was sent to Defendant Capital
      One and Plaintiff Hall.

---

[2] " Capital One" or "Defendant" means the named Defendant directly or through its debt
collectors, employees and agents.

15.    At all times Plaintiff was prepared for trial.

16.    The case resulted in a judgment in favor of Plaintiff Hall on January 10, 2013, dismissing the case.

17.    The Order stated "Evidence was presented.  Upon consideration thereof, judgment is hereby entered in favor of Defendant."

18.    Defendant Capital One knew it had lost the case.

19.    Defendant Capital One knows losing the case means Plaintiff Hall does not owe the debt to Defendant Capital One.

20.    Defendant Capital One reported and has continued to report (even after losing the case) to the credit reporting agencies that Plaintiff Hall owed this money and was in default.

21.    Plaintiff Hall does not owe this money to Defendant Capital One.

22.    After Plaintiff Hall won the case, she sent one or more letters to Defendant Equifax requesting an investigation of the Defendant Capital One's account that still appeared on Plaintiff Hall's credit reports.

23.    Plaintiff Hall requested that the Defendant Capital One's account be deleted.

24.    Defendants Capital One and Equifax were not concerned and did not care about what the state court did in the case as Defendants Capital One and Equifax did not intend to perform a reasonable investigation.

4

25.  Defendants Capital One and Equifax did not perform any type of reasonable investigation.

26.  Defendant Equifax notified Defendant Capital One in accordance with the FCRA of the dispute by Plaintiff Hall.

27.  Alternatively, Defendant Equifax did not properly notify Defendant Capital One and, as part of this failure, did not include all relevant information provided by Plaintiff Hall in its notification of Defendant Capital One. This includes notification that the state court entered an Order in favor of Plaintiff Hall.

28.  Defendants failed to properly investigate this dispute. If Defendants had properly investigated, the Capital One account would have been deleted.

29.  An example of the lack of investigation is listed below.

30.  On February 21, 2013, Defendant Equifax issued its results of investigation, which shows the Defendant Capital One's account with a balance due and that it is a charged off account.

31.  Equifax said "This creditor has verified to OUR company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: Capital One..."

32.  All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Capital One through its state court trial counsel that the case was a defeat for Defendant Capital One) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

33.  Defendant Equifax has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

34.  For example, had Plaintiff Hall lost the suit and a judgment was entered in favor of Defendant Capital One, and Plaintiff Hall disputed with Equifax, Plaintiff Hall would have been told by Defendant Equifax that it was bound by the state court judgment which says Plaintiff Hall owes the money.

35.  This same Defendant Equifax, however, refused to rely upon what the state court judge actually said - - an Order for Plaintiff Hall.

36.  These Defendants refused to read the Order or they read the Order and then chose to ignore it.

37.  The Order in favor of Plaintiff Hall means Plaintiff Hall does not owe the money claimed by Defendant Capital One.

38.  The state court ruling was a final judgment.

39.  This final judgment was not appealed.

6

40.   There is no avenue for appeal for Defendant Capital One of this judgment as the time to appeal has passed.

41.   Despite this knowledge, Defendant Equifax has completely abdicated its obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Capital One, has told it to say.

42.   Defendant Equifax has a policy to favor the paying customer, in this situation Defendant Capital One, rather than what the consumer or the state court says about a debt.

43.   The primary reason for this wrongful policy is that furnishers (such as Defendant Capital One) provide enormous financial rewards to Defendant Equifax.

44.   The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers such as Defendant Capital One have to wrench payments from a consumer is by placing accounts with balances on the consumer's credit reports.

45.   Defendants have a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff Hall, who do not owe the alleged debt. That reason is to keep false information on the credit report.   The false information consists of a balance shown as owed or charged off when Defendants know no money is owed.

46.    Defendant Capital One has promised through its subscriber agreements or contracts with the credit reporting agencies to accurately update accounts but Defendant Capital One has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff Hall's credit reports.

47.    Defendant Capital One assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.    Defendants have a policy to "park" false information on at least one of the consumer's credit reports.  This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.   In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.   All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff Hall's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force Plaintiff Hall to pay on an account Plaintiff Hall does not owe.

51.   All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Hall's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

52.   At all relevant times the Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Hall's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

53.   Defendant Capital One failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Hall's credit information and Plaintiff Hall's credit report, concerning the account in question, thus violating state law as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54.   Defendant Capital One has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff Hall.  This includes the continued reporting of the debt to third parties (even after losing the state court trial), including consumer reporting agencies such as Defendant Equifax and stating that Plaintiff Hall owes the debt.

55.   Defendant Equifax and Defendant Capital One have failed to maintain Plaintiff Hall's account with maximum accuracy.

56.   Defendant Equifax and Defendant Capital One have failed to properly investigate the account in response to the disputes made by Plaintiff Hall.

57.   The conduct of the Defendants has proximately cause Plaintiff Hall past and future monetary loss, past and future damage to Plaintiff Hall's credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

58. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

59. All Defendants are sophisticated businesses and they know their conduct is wrong.

60. For example, Defendants have been repeatedly sued for this identical misconduct in Alabama.

61. A judgment even exists against Defendant Equifax for this exact type of wrongful conduct.

62. Despite knowing this conduct is wrong, and despite being sued repeatedly in Alabama, Defendants have no hesitation in violating the law in this manner.

63. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Hall and/or with the knowledge that their actions would very likely harm Plaintiff Hall and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

64. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages

and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

65. Defendants are liable to Plaintiff Hall through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

66. Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

69. Defendant Capital One is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies

about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

70.    Plaintiff Hall notified Defendant Equifax directly of a dispute on the Defendant Capital One account's completeness and/or accuracy, as reported.

71.    Defendant Equifax properly notified Defendant Capital One of Plaintiff's dispute in accordance with the FCRA requirements.

72.    Alternatively, Defendant Equifax failed to notify Defendant Capital One of Plaintiff's dispute in accordance with the FCRA requirements.

73.    Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Hall's disputes.

74.    Plaintiff Hall alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Hall's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

75.    Plaintiff Hall alleges that all Defendants failed to conduct a proper and lawful reinvestigation.  For example, Defendants were given notice that the collection suit resulted in a victory for Plaintiff Hall, but Defendants apparently failed to review the Order, the court file or contact the court or

contact counsel for Defendant Capital One.   Other examples will become apparent once discovery is commenced.

76.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Hall and/or with the knowledge that their actions would very likely harm Plaintiff Hall and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

77.   All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II.

## INVASION OF PRIVACY

78.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

79.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

80.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

81. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

82. Defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

83. Defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting or credit reporting this debt thereby invading and intruding upon Plaintiff's right to privacy.

84.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

85.   The conduct of Defendants, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

86.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

87.   All acts of Defendants were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

88.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

89.   Defendants' agents or employees are allowed and encouraged to break the law.

90.   Defendants are aware of the wrongful conduct of its employees or agents.

91.   Defendants negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are

16

thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

## ADDITIONAL STATE LAW CLAIMS

92. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

93. Defendants intentionally published false and defamatory information related to the Defendant Capital One account.

94. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Hall as set forth in this Complaint.  This includes the initial reporting of Defendant Capital One account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint, including the collection suit by Defendant Capital One.

95. Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

96. Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

97.   It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Hall.

98.   Defendants invaded the privacy of Plaintiff Hall as set forth in Alabama law, including publishing false information about Plaintiff Hall's personal financial obligations.

99.   The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendant Capital One) and reporting this false information (all Defendants).

100.  Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to Defendant Equifax.

101.  As a result of this conduct, action, and inaction of all Defendants, Plaintiff Hall has suffered damages as set forth in this Complaint.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive damages the total of which Plaintiff

claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
***Attorneys for Plaintiff***


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

19

**Serve defendants via certified mail at the following addresses:**

Capital One Bank (USA), NA
c/o Corporation Service Company
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA 23219

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating SVC, Inc.
150 S. Perry Street
Montgomery, Alabama 36104